THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRYCE AMIR HARDY,<br><br>Plaintiff,<br><br>v.<br><br>WALGREEN CO.,<br><br>Defendant. | CASE NO. C26-0898-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion (Dkt. No. 27), filed pursuant to Federal Rule of Civil Procedure 59(e), to amend the judgment.[1] Having considered the briefing and the record, the Court DENIES the motion for the reasons described herein.

The Court dismissed Plaintiff's complaint because his claims were barred by the statute of limitations. (*See generally* Dkt. No. 21.) Plaintiff now asks for Rule 59(e) relief based on newly discovered evidence purportedly supporting tolling. (*See generally* Dkt. No. 27.) A Rule 59(e) motion is appropriate if, amongst other things, the Court "is presented with newly discovered evidence." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999). However, it may not be used to do so when the evidence "could reasonably have been raised earlier in the

[1] The Court construes this like all *pro se* filings liberally. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). Nevertheless, it must still meet basic procedural requirements, including compliance with the Federal Rules of Civil Procedure. *Munoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022).

litigation." *Id*. Moreover, the evidence presented must be "of such magnitude that production of it earlier would likely have changed the outcome of the case." *Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001). At its core, this is an "extraordinary remedy" to be "used sparingly." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

The evidence Plaintiff now puts forth is neither of the magnitude necessary to change the result nor could it not have been presented earlier through Plaintiff's reasonable diligence. (*See generally* Dkt. Nos. 27, 28.) Thus, Plaintiff fails to provide the Court with a basis for Rule 59(e) relief. Accordingly, Plaintiff's motion (Dkt. No. 27) is DENIED.

DATED this 1st day of September 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE